<u>**NOT FOR PUBLICATION**</u>                                    [Docket No. 23]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**


_____ :
                                 :
DANIEL D. PARSONS,               :
                                 :
            Plaintiff,           :    Civil No. 06-0286 (RMB)
                                 :
        v.                       :    **OPINION & ORDER**
                                 :
PATROLMAN JASON SPERA,           :
PENNS GROVE, N.J. POLICE         :
DEPARTMENT AND                   :
PATROLMAN PATRICK REILY,         :
PENNS GROVE, N.J. POLICE         :
DEPARTMENT                       :
                                 :
            Defendants.          :
_____ :

Appearances:

Daniel D. Parsons
441305B/551455
S.S.C.F.
P.O. Box 150/5RIGHT
Delmont, New Jersey 08314
     Pro Se Plaintiff

James R. Birchmeier, Esquire
Powel, Birchmeier & Powell, Esqs.
1891 State Highway 50
P.O. Box 582
Tuckahoe, New Jersey 08250-0582
(609) 628-3414
     Attorney for Defendant Jason Spera

**Bumb**, United States District Judge

     This matter comes before the Court upon a motion for summary

judgment by Defendant Patrolman Jason Spera.  Plaintiff Daniel D.

Parsons has not filed any opposition to the motion.   The
Plaintiff has, however, filed a Pretrial Memorandum, [Doc. No.
19], apparently in accordance with the Pre-Trial letter entered
by the Clerk of the Court, [Doc. No. 14].   Plaintiff's Pretrial
Memorandum will be considered as Plaintiff's opposition.   For the
reasons set forth below, the Defendant's motion will be granted.

I.    Statement of Facts

     The following facts derived from the record are undisputed
or are those advanced by Plaintiff with adequate evidence.   The
facts most relevant to the instant motion are found in a
videotape of the incident in question which Defendant Spera has
submitted as Exhibit F to his motion.   (The videotape was
apparently taken from the dashboard of the Defendant's
automobile.)   Plaintiff agrees that the videotape accurately
reflects the events that transpired at the time it was taping.
(Def.'s Ex. C, Parsons Dep. at 28:1-6).

     Very early in the morning of August 6, 2005, Defendant
Patrolman Jason Spera, a member of the Penns Grove Police
Department, was on patrol and noticed a parked vehicle on West
Pitman Street with two people sitting inside.   There had been
many complaints in this area involving narcotics, weapons, and
assaults, so this area was being heavily patrolled.   Defendant
Patrolman Spera did not recognize this vehicle and became

2

suspicious; he was familiar with the residents of this street and the vehicles that they drove.  (Def.'s Stmt. of Facts ¶¶ 3-8).

The vehicle Spera observed was driven by Janet Underwood, Plaintiff's girlfriend.  In the passenger seat sat Plaintiff, Daniel Parsons.  Parsons had two bags of cocaine in his pocket and knew that there was a warrant out for his arrest.  (Id. at 57:13-20).  Parsons had also consumed both cocaine and heroin earlier but denies he was still feeling their effects.  (Id. at 30:13 - 31:4).   Parsons and Spera were familiar with each other as Spera had previously arrested Parsons on charges of assault, robbery, and shoplifting.  (Id. at 16:16-25).

Parsons contends that Spera stopped his patrol car and instructed Underwood and Parsons to remain in the car.  (Id. at 16:4-11).  Parsons relates that he got out of the car to talk to Spera but was ordered back into the car, an order with which he complied.  (Id. at 19:25-20:13).  Spera opened the back door of Underwood's car, inspected the inside of the car and asked Underwood if everything was alright.  (Id. at 21-22).  Spera stepped away from the car; Parsons exited the car and was told to get back in the car, an order he again obeyed.  (Id. at 23-24).  Spera approached the car again, told Parsons and Underwood to sit tight, and again stepped away from the car.  (Id.)  Finally, Parsons exited the car to protest being detained when Spera ran up to him, hit him with the car door and began "tossing [him]

around."  (Id. at 24:12-24).

Spera disputes Plaintiff's version of events.  He claims that he only approached the vehicle once, recognized Plaintiff as a person with an outstanding warrant, was simultaneously recognized by Plaintiff, and that Plaintiff quickly exited the vehicle and tried to run.  (Def.'s Stmt. of Facts ¶¶ 9-10).

It is at this point that the videotape begins.  (Pl.'s Ex. F).  The videotape shows Spera on the driver's side of the vehicle when Parsons quickly exits the passenger side in an attempt to run.  Spera runs around the car to stop Parsons and attempts to pin him against the car with the door.  Parsons breaks loose and begins to wrestle with Spera.  The two wrestle while Spera repeatedly instructs Parsons to stop resisting and lie down.  The struggle continues for some minutes while Parsons and Spera strike each other, Spera continues to instruct Parsons to stop resisting and lie down.  At one point, Parsons lies atop Spera, pinning him to the ground while they continue to struggle. Spera gets out from underneath Parsons and an additional police officer arrives.  Parsons continues his resistance as both officers attempt to subdue him and cuff him.  It is clear that Parsons is struck several times in the head and body while resisting, and prior to being subdued.  The officers also sprayed Parsons with mace but to no avail.  The incident ends when the two officers finally force Parsons into handcuffs.  The videotape

shows that Spera did not strike Parsons after Parsons was subdued.

During the altercation, but not captured by the videotape, Spera's firearm falls from its holster.  Spera believed Parsons was trying to get a hold of the gun.  (Def.'s Ex. C).  Also not clear on the videotape is Parson's biting Spera during the struggle, a bite which broke the skin on Spera's arm.  (Def.'s Ex. C).  Underwood also reported that she witnessed Parsons strike Spera and wrestle with him.  (Def.'s Ex. B).

Plaintiff, appearing pro se, filed a Complaint and named Patrolman Jason Spera of the Penns Grove Police Department and Patrolman Reily of the Penns Grove Police Department as defendants.  No Answer has been filed on behalf of Patrolman Reily as he has never been properly served with the Complaint. Plaintiff Parsons alleges, in his pro se Complaint, racial profiling, false arrest and excessive force in violation of 42 U.S.C. § 1983.[1]  Defendant Patrolman Spera now moves for summary judgment.

II.  Standard

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and

---

[1]    He also alleges that Defendant Reily forged his name at the hospital.  Because defendant Reily has never been served, this issue is not before the Court.

that the moving party is entitled to judgment as a matter of law."[2]  Fed. R. Civ. P. 56(c).  In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[3] Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

---

[2]    A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  See id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  See id.

[3]    The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

III. Analysis

Defendant Spera moves for summary judgment on the grounds that he is entitled to qualified immunity on all of Plaintiff's claims.  He also argues for summary judgment as a matter of law, that no evidence exists from which a reasonable jury could conclude that Defendant violated Plaintiff's rights.

It is important to resolve qualified immunity issues early on in a case.  Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  It calls for a multi-step analysis, considered in proper sequence.  Saucier v. Katz, 533 U.S. 194, 200 (2001).  The Court must first determine if the facts alleged, taken in the light most favorable to the injured party, show a constitutional violation.  Id. at 201.  The second inquiry concerns whether there was a reasonable mistake of fact or law.  Butz v. Economou, 438 U.S. 478, 507 (1978).  The latter concerns whether the right clearly was established such that an objectively reasonable officer could not be mistaken that his conduct violated that right.  Saucier, 533 U.S. at 205-06.  The former concerns whether an officer made a reasonable mistake of fact.  Butz, 438 U.S. at 507; see also, Couden v. Duffy, 446 F.3d 483, 502 (3d Cir. 2006) (Weiss, J., dissenting).  Each of Plaintiff's claims must be addressed in turn.

A.   Racial Profiling

In order to make out a profiling claim, Plaintiff must establish that Spera's actions "(1) had a discriminatory effect and (2) were motivated by a discriminatory purpose." <u>Bradley v. United States</u>, 299 F.3d 197, 205 (3d Cir. 2002).  Parsons alleges that Spera's attention was brought to bare on him and Underwood due to their race.  However, Parsons offers no evidence, and the Court can find no evidence in the record, that would permit a jury to conclude that either, Spera's actions had a discriminatory effect, or were motivated by a discriminatory purpose.

As the evidence demonstrates, Spera was patrolling the area because of increased complaints involving drugs, weapons, and assaults.  He came upon a car that struck him as suspicious.  He recognized Plaintiff as a wanted person.  There is no evidence to dispute this.  There is no evidence to suggest that Spera's actions were the consequence of racial profiling.  Accordingly, the facts as alleged and in evidence do not support a conclusion that a constitutional right was violated.  Defendant Spera is entitled to summary judgment on Plaintiff's racial profiling claim.

B.   False Arrest

A claim for false arrest centers on the question of whether the "arresting officer had probable cause to believe the person

arrested had committed the offense." <u>Dowling v. City of</u>
<u>Philadelphia</u>, 855 F.2d 136, 141 (3d Cir. 1988).  Here, Parsons
knew he had a warrant out for his arrest.  Spera likewise knew
that there was a warrant out for Parsons' arrest.  An arrest
warrant issues only upon a finding of probable cause.  U.S.
Const. amend. IV.  Because Spera knew there was a warrant to
arrest Parsons, and that such warrant issues only upon a finding
of probable cause, Spera had probable cause to arrest Parsons.
Accordingly, the facts as alleged and in evidence do not support
a conclusion that a constitutional right was violated.  Defendant
Spera is entitled to summary judgment on Plaintiff's false arrest
claim.

    C. Excessive Force

    Use of excessive force constitutes an unlawful seizure under
the Fourth Amendment.  <u>Couden</u>, 446 F.3d at 496.  Conduct
constitutes excessive force if, given the totality of the
circumstances, the force used is objectively unreasonable to
effect a given end such as an arrest.  <u>Id.</u> at 496-97.  Courts
should not employ hindsight but rather appreciate the nature of
police work and the need to "make split-second judgments - in
circumstances that are tense, uncertain, and rapidly evolving . .
. ."  <u>Id.</u> at 497 (<u>quoting</u> <u>Graham v. Connor</u>, 490 U.S. 386, 397
(1989)).  The reasonableness of the force used depends on a
number of factors including, but not limited to:

9

- the severity of the crime at issue;
- the threat posed by the suspect;
- whether the suspect is resisting;
- whether the force applied lead to injury;
- the duration of the force applied;
- the context of the force;
- whether the suspect is armed; and
- the number of persons with whom the police must contend at one time.

Sharrar v. Felsing, 128 F.3d 810, 821-22 (3d Cir. 1997) (internal quotations omitted).

Plaintiff has produced no evidence to show that Defendant, Patrolman Jason Spera, knowingly used excessive force.  Indeed, the allegations contained in the Complaint are either defeated or substantially eroded by the videotape of the incident.  Patrolman Spera simply approached a suspicious vehicle parked in an area with an abundance of narcotics and weapons complaints.  Patrolman Spera was familiar with this area and the cars belonging to the residents of this area.  Spera recognized Plaintiff as being a wanted person and Plaintiff admittedly tried to get out of the car and run.  Spera only used force on Plaintiff after Plaintiff physically assaulted the officer, which is quite clear on the videotape of Plaintiff's arrest.  Spera felt Plaintiff's hand near the officer's sidearm and became even more fearful of his safety.

Plaintiff failed to obey the commands of Patrolman Spera and Patrolman Torres.  Even Plaintiff's girlfriend, Janet Underwood, was shocked to witness Plaintiff punching patrolman Spera.  It

10

ultimately took two officers to restrain this Plaintiff and place

him in handcuffs.  The evidence indicates, in light of the

Sharrar factors that the force used was reasonable.  Plaintiff

was wanted on a warrant steming from violent charges of robbery,

assault and shoplifting.  Plaintiff actively resisted throughout

Defendant's efforts to arrest him.  The threat posed was great as

Defendant believed Plaintiff was trying to get ahold of his

firearm.  The force was of a duration no longer than that needed

to subdue Plaintiff; Defendants did not strike Plaintiff once he

was subdued and handcuffed.  As noted, the force was appropriate

in the context it was applied: a large and powerful suspect was

actively and violently resisting arrest such an extent that it

required two police officers to subdue him and place him in

handcuffs.

Accordingly, the facts as alleged and in evidence do not

support a conclusion that a constitutional right was violated.

Defendant Spera is entitled to summary judgment on Plaintiff's

excessive force claim.


IV.  Conclusion

For the reasons state above, Defendant will be granted

summary judgment on all of Plaintiff's claims.  An appropriate

Order will issue this date.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: March 28, 2007

[Docket No. 23]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____  :
                                 :
DANIEL D. PARSONS,               :
                                 :
            Plaintiff,           :     Civil No. 06-0286 (RMB)
                                 :
        v.                       :     **ORDER**
                                 :
PATROLMAN JASON SPERA,           :
PENNS GROVE, N.J. POLICE         :
DEPARTMENT AND                   :
PATROLMAN PATRICK REILY,         :
PENNS GROVE, N.J. POLICE         :
DEPARTMENT                       :
                                 :
            Defendants.          :
_____  :


     This matter coming before the Court upon a motion for

summary judgment by Defendant Jason Spera; and the Court having

read the submissions; and for the reasons stated in the Opinion

issued this date,

     IT IS, THEREFORE, on this **28th** day of **March** 2007

     HEREBY **ORDERED** that Defendant's motion for summary judgment

in the above captioned matter is **GRANTED**; and

     FURTHER **ORDERED** that the Clerk is directed to close the

file.

                              s/Renée Marie Bumb
                              RENÉE MARIE BUMB
                              United States District Judge


                              13